258

## JOHN SCOTT v. THE STATE.

No. 14711.   Delivered February 3, 1932.
Rehearing Denied March 9, 1932.

The opinion states the case.

*Critz & Woodward,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense is operating and driving an automobile while intoxicated on the streets of an incorporated city; the punishment, a fine of $50.

The record is before us without a statement of facts.   There is only one bill of exception in the record which shows that appellant timely objected to the third paragraph of the court's charge, which paragraph is as follows:   "If from the evidence you have a reasonable doubt as to whether the defendant was intoxicated at the time and place in question; or if you have a reasonable doubt as to whether the defendant drove and operated his automobile at the time and place in question; or if you have a reasonable doubt as to whether the place in question was within the corporate limits of an incorporated town, you will find the defendant not guilty."

Appellant objected to all of said paragraph 3 because (a) said paragraph as a whole, and each portion of same, places upon the defendant the burden of proof to raise a reasonable doubt as to his guilt of the offense

charged and of the element of said offense as set out in said paragraph; (b) because the same requires a reasonable doubt in the minds of the jury to arise not from the lack of evidence or the failure of the state to establish the defendant's guilt, but requires such doubt as a condition for acquittal to arise from the evidence itself and from the facts proven thereby, putting upon the defendant the burden to establish his own innocence or to raise a reasonable doubt as to his own guilt. The bill shows that there was a controverted issue of fact in said case as to whether or not defendant drove or operated the automobile on the streets of Santa Anna as alleged in the indictment. There is no other showing in the bill that any evidence in the case raised any other defensive theory in an affirmative way. There are no facts set out in said bill of exception so that this court can determine whether or not the evidence raises any other defensive theory in an affirmative way. The controverted issue of fact as to whether or not the defendant drove or operated the automobile on the streets of Santa Anna appears from the charge to have been affirmatively submitted in the fourth paragraph of the court's charge as follows: "If from the evidence you believe that Mrs. Ashley was driving the defendant's car when it was on Wallace Avenue, at the time in question, or if you have a reasonable doubt as to this, you will find the defendant not guilty."

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the motion for rehearing the legality of the conviction is challenged upon the ground that the third paragraph of the charge of the court was erroneous. The paragraph mentioned reads as follows: "If from the evidence you have a reasonable doubt as to whether the defendant was intoxicated at the time and place in question; or if you have a reasonable doubt as to whether the defendant drove and operated his automobile at the time and place in question; or if you have a reasonable doubt as to whether the place in question was within the corporate limits of an incorporated town, you will find the defendant not guilty."

The preceding paragraph reads thus:

"Now, therefore, if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant, John Scott, on or about the 10th day of August, 1929, in Coleman County, Texas, did drive and operate an automobile on Wallace Avenue, in the town of Santa Anna, and you further believe beyond a reasonable doubt that the defendant was intoxicated, as that term is hereinafter defined, and that Santa Anna was then

and there an incorporated town, and that Wallace Avenue where said automobile was operated, if at all, was within the corporate limits thereof, you will find the defendant guilty and assess his punishment at confinement in the penitentiary for a term of not more than two years; or by confinement in jail for not more than ninety days; or by fine of not more than five hundred dollars, or by fine and jail sentence within said limits.

"If you do not so believe beyond a reasonable doubt, you will find the defendant not guilty."

The fourth paragraph reads as follows: "If from the evidence you believe that Mrs. Ashley was driving the defendant's car when it was on Wallace Avenue, at the time in question, or if you have a reasonable doubt as to this, you will find the defendant not guilty."

The record came here without a statement of facts.

Touching the subject, Mr. Branch, in his Ann. Tex. P. C., page 309, sec. 602, states the following: "In the absence of a Statement of Facts, only fundamental error will be revised. Every presumption will be in favor of the regularity of the conviction, the charge of the court, and of the sufficiency of the evidence."

In the present instance, we have failed to perceive any fundamental error in the charge. In fact, taken as a whole, we are not prepared to say that there is any such fault in it that would justify serious complaint. Clearly, this court would be precluded, by virtue of article 666, C. C. P., forbidding the reversal of a conviction for a fault in the charge which was not injurious to the accused, from ordering a reversal of the judgment in the present instance.

The motion for rehearing is overruled.

*Overruled.*